UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ILENE MOSES,

       Defendant.
_____/

Criminal Action No.
96-CR-80274

Honorable Patrick J. Duggan

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE, MODIFY, OR VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING DEFENDANT'S REQUEST UNDER 18 U.S.C. § 3582, and DENYING A CERTIFICATE OF APPEALABILITY

    This matter is presently before the Court on Defendant's motion under 28 U.S.C. § 2255 to reduce, modify, or vacate her sentence. The Government argues that the motion is time-barred. For the reasons that follow, the Court agrees and will therefore deny the motion. The Court also declines to issue Defendant a certificate of appealability.

    Defendant was convicted of numerous fraud-related offenses following a jury trial. The Court sentenced Defendant to 210 months of imprisonment. On July 6, 2009, the Sixth Circuit affirmed Defendant's conviction and sentence. *See United States v. Moses*, 337 F. App'x 443 (6th Cir. 2009). The time for filing a petition for writ of certiorari with the United States Supreme Court expired 90 days

later, on October 4, 2009. *See* Sup. Ct. R. 13(1). Defendant did not file a writ of certiorari; instead, on December 15, 2014, she filed the present motion to reduce, modify, or vacate her sentence pursuant to 28 U.S.C. § 2255.

The Government filed a response to Defendant's § 2255 motion on January 5, 2015. On January 15, 2015, Defendant sent a letter to the Court stating that the § 2255 motion that she filed on December 15, 2014 was "very preliminary and was not to be construed as a [motion under §] 2255." ECF No. 512 Page ID 7609. On January 27, 2015, the Court sent Defendant a response letter, allowing Defendant to amend or supplement her December 15, 2014 motion by March 1, 2015. Defendant then filed several papers supplementing her original filing. *See* ECF Nos. 513, 514. The matter is now fully briefed and ready for decision.

A one year limitations period governs the filing of motions under § 2255. *See* 28 U.S.C. § 2255(f). The one year period begins running from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Here, the statute began running on October 4, 2009, the date on which the 90-day time period of filing a petition for writ of certiorari with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 525 123 S. Ct. 1072, 1075 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").[1] The limitations period, therefore, expired one year later, on October 4, 2010. Because Defendant did not file her motion until December 15, 2014, more than four years after the statute of limitations expired, the motion is time-barred.

"The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling." *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012). Defendant argues that equitable tolling should apply because she is actually innocent of her crimes.[2] The one year statute of limitations may be equitably tolled

---

[1] Defendant's motion contains nothing suggesting that: (1) an unlawful government-imposed impediment prevented her from filing her motion earlier, (2) a right on which the motion is based is one that was recently recognized by the Supreme Court, or (3) the motion is based on newly-discovered facts.

3

based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005). "To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867). "To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Defendant here presents no *new* evidence establishing her innocence. Therefore, she has not met her burden of establishing that she is entitled to equitable tolling on the basis of actual innocence. Having failed to demonstrate an entitlement to equitable tolling, Defendant's

---

[2] In the section of her form motion asking why the one-year limitation period governing § 2255 motions should not bar her motion, Defendant writes:

> The defendant is actually innocent of the money laundering charges, and is filing on that basis, having only recently become aware of that court ruling.
>
> The defendant preserved the **Alleyne** and **Peugh** rulings during the one-year period required to do that.

ECF No. 514 Page ID 7629 (emphasis in original).

motion under § 2255 is barred pursuant to the one year limitations period governing § 2255 motions.

The Court notes that Defendant lists 18 U.S.C. § 3582 as a basis for her § 2255 motion, but fails in her motion papers to explain that reference or develop any arguments that she may wish to assert under § 3582. Defendant does state, however, that she is "in very poor health" and that her health "has continued to deteriorate." ECF No. 512 Page ID 7609-10. She also includes a list of medical conditions from which she is suffering. ECF No. 507 Page ID 7601. The Court construes these statements as a request for compassionate release under § 3582(c)(1)(A). That provision allows federal courts to reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, . . . if [the court] finds that . . . extraordinary and compelling reasons warrant such a reduction." Because no motion has been filed on Defendant's behalf by the Director of the Bureau of Prisons, the Court lacks authority to grant Defendant relief under § 3582(c)(1)(A). *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) ("A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.").

Finally, the Court must assess whether to grant Defendant a certificate of appealability ("COA"). Rules Governing § 2255 Proceedings, Rule 11.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that jurists of reason would not find its resolution of the statute of limitations issue debatable.  The Court therefore declines to issue Defendant a COA.

For the reasons stated above, (1) Defendant's motion under § 2255 is **DENIED**, (2) Defendant's request for compassionate release under § 3582(c)(1)(A) is **DENIED** for lack of jurisdiction, and (3) a COA is **DENIED**.

**SO ORDERED.**


Dated: March 20, 2015                               s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE



Copies to:

Lynn A. Helland, AUSA
Ross I. MacKenzie, AUSA
Ilene Moses